NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3259
_____

RONDABAY LIGGINS-MCCOY,
Appellant

v.

DEMOCRATIC CAUCUS OF THE SENATE OF PENNSYLVANIA; ANTHONY H.
WILLIAMS, in his individual capacity only
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-19-cv-01639)
District Judge: Honorable Mark A. Kearney
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2023

Before: HARDIMAN, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*.

(Filed: December 6, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Rondabay Liggins-McCoy appeals the District Court's summary judgment denying her claims for: (1) disability discrimination under the Rehabilitation Act and (2) age discrimination under the Pennsylvania Human Relations Act. We will affirm.

I

Liggins-McCoy is a 64-year-old woman who worked as a constituent services staffer for State Senator Anthony Williams until her employment was terminated on January 4, 2019. During her eleven years in Senator Williams' office, Liggins-McCoy's duties included event planning, liaising with community leaders, and "performing constituent services work." App. 512. Though Senator Williams was Liggins-McCoy's supervisor, her employer was the Democratic Caucus of the Pennsylvania Senate.

In 2017, Liggins-McCoy was diagnosed with cancer and began treatments. This caused her to miss work sometimes, which created a staffing shortage at one of Senator Williams' offices. Several times Liggins-McCoy applied for and received leave time under the Family and Medical Leave Act (FMLA), with her final request approved in a letter dated December 4, 2018. The next day, Senator Williams' then-Chief of Staff, accompanied by a Democratic Caucus human resources representative, told Liggins-McCoy that her position was being eliminated in an office reorganization.

After she was terminated, Liggins-McCoy sued the Democratic Caucus and Senator Williams. In relevant part, she claimed that the Caucus committed disability discrimination in violation of the Rehabilitation Act (Rehab Act), 29 U.S.C. § 794, and that Senator Williams aided and abetted the Caucus's age discrimination in violation of

2

the Pennsylvania Human Relations Act (PHRA), 43 Pa. Stat. § 955(e). The District Court

entered a summary judgment against Liggins-McCoy, holding that sovereign immunity

barred the Rehab Act claim against the Caucus and that Liggins-McCoy failed to

establish an underlying PHRA violation by the Caucus for Senator Williams to aid and

abet.[1] This timely appeal followed.

## II[2]

Liggins-McCoy makes two arguments on appeal. First, she contends that her

Rehab Act claim is not barred by Eleventh Amendment sovereign immunity because the

Democratic Caucus waived immunity for such claims. Second, she argues that naming

the Caucus as a PHRA defendant was unnecessary to bring a § 955(e) aider and abettor

claim against Senator Williams. We address each argument in turn.

## A

Liggins-McCoy argues that the Democratic Caucus waived sovereign immunity

from Rehab Act claims, and the District Court's finding to the contrary was erroneous.

But she failed to establish that the Democratic Caucus was a "program or activity . . .

*receiv*[*ing*] *federal financial assistance*," *Strathie v. Dep't of Transp.*, 716 F.2d 227, 230

---

[1] Liggins-McCoy also brought a claim against Senator Williams arising under the FMLA. This claim was tried before a jury, resulting in a verdict for Senator Williams. Liggins-McCoy does not challenge that verdict on appeal.

[2] The District Court had federal question jurisdiction over the Rehab Act claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the PHRA claim under 28 U.S.C. § 1367(a). We have jurisdiction under 28 U.S.C. § 1291. We review the summary judgment against Liggins-McCoy de novo, applying the same standard as the District Court. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015).

(3d Cir. 1983) (emphasis added), a burden she must satisfy to prevail "not only . . . [in] an Eleventh Amendment immunity inquiry, but also in order to make out a prima facie case under the [Rehab Act]," *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 n.3 (3d Cir. 2008). The evidence Liggins-McCoy offers on this score falls short of the mark.

Liggins-McCoy contends that the Caucus waived sovereign immunity when the Pennsylvania legislature distributed $1 billion in federal COVID-19 relief funds. But the text of the Rehab Act permits federal suit only where the state "program or activity *receiv*[*es*] Federal financial assistance," 29 U.S.C. § 794(a) (emphasis added), not where it merely distributes funds.[3] Thus, sovereign immunity is generally waived as to programs or activities *receiving* funding, not those states or state entities *distributing* the funding. *See Koslow v. Pennsylvania*, 302 F.3d 161, 171–72 (3d Cir. 2002). The record shows that the Caucus did not receive or use any federal COVID-19 funds for its own benefit. As the District Court aptly noted, the state budget for Fiscal Year 2021–22 indicates that COVID-19 relief funds were allocated to other programs and agencies, not the Caucus itself.

---

[3] The District Court also rejected the contention that the Caucus waived sovereign immunity because the COVID-19 relief funds were not appropriated until two years after Liggins-McCoy's termination. Because no evidence shows that the Caucus received any federal financial assistance, we need not decide whether funds must be received at the time of the alleged discrimination.

4

Even if we accepted Liggins-McCoy's contention that state entities can waive sovereign immunity by distributing federal funds, her claim still fails. The only entities with a conceivable role in distributing the COVID-19 relief funds are the Pennsylvania General Assembly which votes on the state budget and the Governor who enacts the budget, not the Democratic Caucus—which is but one-half of one house of the state legislature.

In sum, "viewing all facts in the light most favorable" to Liggins-McCoy, there is no evidence supporting a waiver of sovereign immunity. *United States v. Care Alts.*, 952 F.3d 89, 95 (3d Cir. 2020). So we agree with the District Court that the Eleventh Amendment bars Liggins-McCoy's Rehab Act claim against the Democratic Caucus.

B

Liggins-McCoy also contends that the District Court erroneously rejected her aiding and abetting claim against Senator Williams because she did not name the Caucus as a PHRA defendant. While we have never held that pursuing a § 955(e) aider and abettor claim against a supervisor requires joining the employer as a named defendant, Liggins-McCoy mischaracterizes the District Court's reasoning. The Court did not grant summary judgment only because Liggins-McCoy failed to name the Caucus as a defendant. Rather, the Court noted Liggins-McCoy's failure to "address any primary violation by the Democratic Caucus." App. 23.

Liggins-McCoy presents nothing to undermine the District Court's conclusion, and we agree that her failure to offer evidence supporting a primary PHRA violation by the Caucus dooms her § 955(e) claim against Senator Williams. *See Jones v. Se. Pa.*

5

*Transp. Auth.*, 796 F.3d 323, 327 (3d Cir. 2015) ("[L]iability as an aide[r] and abett[or] under the PHRA hinges on [the employer's] liability.") (internal quotations omitted). For starters, Liggins-McCoy's brief opposing summary judgment cited no evidence supporting a finding of age discrimination by the Caucus. On appeal, Liggins-McCoy insists that she "did present the record evidence and argument" supporting age discrimination by the Caucus. In fact, her brief below argued only that Senator Williams and his staff engaged in age discrimination and did not explain why those actions should be imputed to the Caucus.

The three exhibits Liggins-McCoy cited in this section of her brief also failed to show that the Caucus committed a primary violation of the PHRA. The first exhibit was an excerpt from the deposition of Rudolph Taylor, a staffer of Senator Williams who assumed some of Liggins-McCoy's duties after her termination, establishing Taylor's date of birth. The second and third exhibits were an excerpt from Liggins-McCoy's deposition and the age discrimination charge she filed with the Pennsylvania Human Relations Commission, both claiming that a Caucus representative was on the call when Senator Williams' staff notified Liggins-McCoy that her position was being eliminated. The District Court correctly held that these facts were insufficient to show that the Caucus committed a primary violation of the PHRA. That a Caucus representative was present during this meeting, without more, does not establish that the Caucus discriminated against Liggins-McCoy because of her age. To the extent that this was any evidence at all, "more than a mere scintilla of evidence" was required to defeat summary judgment. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

Thus, despite acknowledging her burden of "establish[ing] a cognizable predicate offense against the Caucus in order to hold Williams liable as an aider/abettor," Liggins-McCoy Reply Br. 1, Liggins-McCoy did not present sufficient evidence on this "essential element of her case with respect to which she has the burden of proof" at the summary judgment stage.[4] *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993).

\* \* \*

For the reasons stated, we will affirm the judgment of the District Court.

---

[4] Williams urges affirmance on other grounds, arguing that our opinion in *Jones*, 796 F.3d at 327, holds that sovereign immunity for an employer bars PHRA aiding and abetting claims against supervisory employees. We need not address that claim because Liggins-McCoy failed to adduce facts supporting a PHRA violation by the Democratic Caucus. *See United States ex rel. Spay v. CVS Caremark Corp.*, 875 F.3d 746, 753 (3d Cir. 2017) ("[The Court of Appeals] can affirm the District Court's grant of summary judgment on any basis supported by the record.").